IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONALD L. MCFERON,
No. 76551-065,

        Petitioner,

    vs.                                                           Case No. 18-cv-1362-MJR

WARDEN WERLICH,

        Respondent.

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

*Pro se* Petitioner Ronald L. McFeron, currently incarcerated at the Federal Correctional Institution in Greenville, Illinois ("FCI Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the loss of good conduct time based on discipline he received at the Federal Correctional Institute in Mendota, California, on June 5, 2018 (Incident Report #2989117).[1] Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994).

## Disposition

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead within

---

[1] At the time of filing, Petitioner was incarcerated at FCI Greenville. The proper venue for a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is the district in which the prisoner is confined. *See* 28 U.S.C. § 2241(a); *United States v. Wyatt*, 672 F.3d 519, 522 (7th Cir. 2012). Accordingly, venue is proper in this judicial district.

thirty days of the date this order is entered (on or before October 17, 2018).[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Administrative Order No. 132, Local Rule 72.2(b)(3), and 28 U.S.C. § 636(c)(1), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 17, 2018**

s/ MICHAEL J. REAGAN  
Chief Judge  
United States District Court

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.