IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD McFERON,<br><br>    Petitioner,<br><br>v.<br><br>R. MARQUES,<br><br>    Respondent. | Case No. 3:18-CV-1362-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Ronald McFeron, an inmate in the Bureau of Prisons, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 to challenge the imposition of disciplinary sanctions against him—specifically, the loss of 41 days of good conduct credit against his sentence. (Doc. 1). Respondent filed a Response to the Petition (Doc. 7), and McFeron replied. (Doc. 21).

### RELEVANT FACTS AND PROCEDURAL HISTORY

McFeron was convicted in the United States District Court for the District of Oregon and is serving a 150-month sentence for possession of child pornography. (Doc. 7, p. 1). His projected release date is July 28, 2025. *See* https://www.bop.gov/inmateloc/ (last visited Sept. 22, 2021).

The disciplinary incident that gave rise to this action occurred on May 18, 2017, while McFeron was incarcerated at the FCI Mendota. (Doc. 1, p. 8). An officer searched McFeron's cell and found bed sheets braided into ropes. (Doc. 7-2). McFeron was charged

with code 108 and 218 (Possession Manufacture, Introduction, or use of Hazardous Tool and Destroying, Altering of Property in Excess of $100). (*Id.*). The Unit Discipline Committee (UDC) referred the charges to the Disciplinary Hearing Officer (DHO) for further hearing. The DHO hearing took place on June 2, 2017. (Doc. 7-3). McFeron denied the charge, and the DHO noted that his cellmate likewise denied ownership. Based on "the officer's statement and photos of three braided ropes found in inmate McFeron's cell[,]" the DHO found McFeron guilty and imposed punishment. (Doc. 7-3, p. 2).

## GROUNDS FOR HABEAS RELIEF

McFeron argues that the DHO had insufficient evidence. (Doc. 1, p. 12). McFeron notes that "[he] was the one who alerted the Correctional Staff of his cellmate Michael Smith's threat to do harm to himself, had suicidal thoughts, and had bruises from hitting himself with a brush, the fact that staff did a random search is flawed." (*Id.*). McFeron continues arguing that "Correctional Staff would have never found a rope if Petitioner never reported his celly's mental state." (*Id.*).

McFeron also alleges that he was denied due process when he was not able to call Nurse Ramsey as a witness. (*Id.* at p. 13). Finally, McFeron argues that he was "treated differently than other similarly situated individuals." (*Id.*). McFeron notes that "Michael Smith received an incident report but his incident report was dismissed at the Lt. level." (*Id.* at p. 14).

## DISCUSSION

As to McFeron's first contention, the DHO had sufficient evidence. The DHO's findings must be supported by "some evidence in the record." *Superintendent v. Hill*, 472

U.S. 445 (1985). Courts can overturn the decision "only if no reasonable adjudicator could have found [petitioner] guilty of the offense on the basis of the evidence presented." *Id*. Under the "some evidence" standard, courts do not reweigh the evidence or determine credibility. *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Nor do courts "assess the comparative weight of the evidence underlying the disciplinary board's decision." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The Seventh Circuit has held that a correctional officer's disciplinary report alone can satisfy the "some evidence" standard. *See McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999) (acknowledging that a "[disciplinary] report alone provides 'some evidence' for the [Conduct Adjustment Board's] decision"). Here, the DHO did not merely rely on an incident report, but he relied on "the officer's statement and photos of three braided ropes found in inmate McFeron's cell." (Doc. 7-3, p. 2). The DHO noted that McFeron denied being in possession of the rope during the DHO hearing, but McFeron "did not present any other evidence to dispute [his] charges." (*Id*.). This is enough evidence to satisfy the "some evidence" standard.

Next, McFeron fails to establish that he was denied due process in connection with his disciplinary proceedings when he was unable to call Nurse Ramsey as a witness. Inmates retain certain due process rights in connection with prison disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The minimum requirements of due process in such proceedings are (1) receipt of written notice of the charges in advance of the hearing, (2) an opportunity to be heard before an impartial decision maker, (3) the right to call witnesses and present evidence where the same will not be unduly hazardous

to safety or correctional goals, and (4) a written statement as to the evidence relied on and the reason for the decision. *Wolff*, 418 U.S. at 564-66; *Henderson v. U.S. Parole Commission*, 13 F.3d 1073, 1077 (7th Cir. 1994). Due process claims are subject to harmless error analysis. *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir. 2011) (applying harmless error analysis to due process claim); *Piggie v. Cotton*, 344 F.3d 674, 678-80 (7th Cir. 2003) (violation of prisoner's right to call witness in disciplinary hearing was harmless; remanded for determination of whether security reasons justified failure to disclose videotape, whether it was exculpatory, and whether any error was harmless).

Respondent concedes that McFeron requested Nurse Ramsey as a witness for the DHO hearing. (Doc. 7, p. 3). On the day of the hearing, however, Nurse Ramsey was not at work. (Doc. 7-2). Respondent continues noting that McFeron was then given the option of postponing the hearing, but chose to continue without Nurse Ramsey as a witness. (*Id.*). McFeron disputes that he chose to continue without Nurse Ramsey as a witness. (Doc. 21, p. 4).

McFeron has not presented any facts to suggest that the outcome of his hearing would have been different if he had been permitted to call Nurse Ramsey. McFeron argues that Nurse Ramsey "would have proved Petitioner initiated the search and is therefore innocent of the offense." (Doc. 1, p. 13). McFeron continues noting that Nurse Ramsey's testimony "would have provided petitioner lesser weight of evidence to convict him." (Doc. 21, p. 4).

McFeron's reliance on his inability to call Nurse Ramsey as a witness ignores the simple fact that the DHO relied in part on the incident report. In the incident report,

McFeron claimed that he initiated the search by handing a note to medical about his cellmate. (Doc. 7-3, p. 4). The DHO's findings noted that McFeron alleged that "[t]he cop-out said that [his] celli had the rope and was threatening suicide so in hopes of him getting the help he needed and to remove the rope." (*Id*. at p. 2). Not only does McFeron fail to argue that Nurse Ramsey's purported testimony would have been exculpatory, but also a prisoner does not have the right to call a witness whose testimony would be irrelevant, repetitive, or unnecessary. *See Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Pannell v. McBride*, 306 F.3d 499, 502-03 (7th Cir. 2002); *Forbes v. Trigg*, 976 F.2d 308, 317-18 (7th Cir. 1992).

Finally, McFeron argues that he was "treated differently than other similarly situated individuals." (Doc. 1, p. 13). McFeron notes that "Michael Smith received an incident report but his incident report was dismissed at the Lt. level." (*Id*. at p. 14). This argument has no merit as McFeron has failed to allege that he was treated differently because of his membership in a protected class, or that he was treated differently from someone who was similarly situated and there was no rational basis for the difference in treatment.

## DISPOSITION

Ronald McFeron's Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED,** all pending motions are **DENIED as moot**; and this case is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

It is not necessary for McFeron to obtain a certificate of appealability from this

disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If McFeron wishes to appeal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* ("IFP") must identify the issues McFeron plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If McFeron does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

DATED: September 24, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**